J-S19012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL BENJAMIN ARTHUR | : | |
| | : | |
| Appellant | : | No. 2300 EDA 2017 |
| | : | |

Appeal from the Judgment of Sentence October 31, 2016
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002488-2013

BEFORE: SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.: **FILED MAY 01, 2018**

Samuel Benjamin Arthur ("Appellant") appeals from the judgment of sentence imposed by the Court of Common Pleas of Montgomery County on October 31, 2016. We affirm.

This case stems from Appellant's sexual assault of a minor victim in October of 2011. The victim disclosed the assault to her father on February 23, 2013. N.T., 7/28/15, at 26–30. Appellant was charged on April 2, 2013, with fifty-four counts of various sexual offenses, including Rape of a Child, Aggravated Indecent Assault of a Child, Indecent Assault of a Child under the Age of 13, Endangering the Welfare of a Child, Corruption of Minors, Unlawful

_____
* Retired Senior Judge assigned to the Superior Court.

Contact with a Minor, and Terroristic Threats.[1]  Following a three-day trial, the Commonwealth *nolle prossed* the count of Unlawful Contact with a Minor, and the jury convicted Appellant on seven counts of the remaining charges.  The trial court sentenced Appellant on October 31, 2016, to incarceration for an aggregate term of fifteen to thirty years, followed by five years of probation.  Appellant filed post-sentence motions on November 10, 2016, which the trial court denied.  Order, 11/15/16.  This appeal followed.[2]

Appellant presents a single question for our consideration:  Did the Trial Court abuse its discretion in failing to grant [Appellant's] post-sentence motion for a new trial based on the admission of inadmissible evidence that bolstered the complainant-victim's credibility?"  Appellant's Brief at 2.  The Commonwealth asserts that Appellant has waived this issue.  Commonwealth's Brief at 11.  We agree that Appellant's issue is waived.

The Pennsylvania Rules of Evidence "circumscribe the extent to which erroneous evidentiary rulings may be treated as sources of reversible trial court error."  ***Commonwealth v. Shank***, 883 A.2d 658, 672 (Pa. Super.

---

[1]  18 Pa.C.S. §§ 3121(c), 3125(B), 3126(A)(7), 4304(A)(1), 6301(A)(1)(ii), 6318(A)(1), 2706(A)(1), respectively.

[2]  Appellant filed a timely notice of appeal on December 14, 2016, but we dismissed that appeal on February 17, 2017, because Appellant failed to file a docketing statement pursuant to Pa.R.A.P. 3517.  Appellant sought reinstatement of his direct appeal rights *nunc pro tunc*, which the Commonwealth did not oppose and the trial court granted.  Order, 6/16/17.  Appellant then filed a timely notice of appeal.

2005). Pursuant to Pa.R.E. 103, "[a] party may claim error in a ruling to admit . . . evidence only: (1) if the ruling admits evidence, a party, on the record: (A) makes a timely objection, motion to strike, or motion *in limine*; and (B) *states the specific ground*, unless it was apparent from the context." Pa.R.E. 103(a)(1) (emphasis supplied). **See Commonwealth v. Rose**, 172 A.3d 1121, 1128 (Pa. Super. 2017) (holding defendant's claim in Pa.R.A.P. 1925(b) statement that challenged testimony constituted inadmissible hearsay was waived where trial counsel made bald objection without specificity at trial and focused argument in appellate brief on relevance).

Here, when the prosecutor asked the victim's parents if they believed the victim's allegations, defense counsel responded, "Objection" or "Objection, move to strike." N.T., 7/28/15, at 39–40, 133–134. Counsel did not raise a specific objection, let alone an objection based on the claim Appellant now presents on appeal, *i.e,* inadmissibility of the parents' testimony as improperly bolstering the victim's credibility. Appellant's Brief at 7, 10–13. Moreover, Appellant proffers no argument that the specific ground was apparent from the context of the prosecutor's examination. Additionally, as the Commonwealth asserts, if counsel explained his objection at a side bar, the notes of testimony in the certified record do not include a record of the side bar; therefore, no objection is available for appellate review. Commonwealth's Brief at 12–13; N.T., 7/28/15, at 40. **Accord** Pa.R.A.P. 1921, note ("An appellate court may consider only the facts which have been

- 3 -

duly certified in the record on appeal."). Because Appellant's objection was unspecified and did not posit the theory he attempts to advance on appeal, Pa.R.E. 103 precludes our consideration of the merits of Appellant's issue.

Similarly, to the extent that Appellant argues the trial court erred in admitting the testimony of the Commonwealth's expert witness, Dr. Scribano, as improperly bolstering the victim's credibility, that claim is also waived. The record reveals that Appellant did not raise this claim in the trial court by lodging a timely and specific objection to Dr. Scribano's testimony. N.T., 7/29/15, at 4–21. Pa.R.E. 103(a); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[3]

Judgment of sentence affirmed.

Judge Platt joins the Memorandum.

Judge Nichols concurs in the result.

---

[3] If Appellant had properly preserved his claims for appeal, upon review of the record, the briefs of the parties, and the applicable legal authority, we would conclude that the trial court's opinion filed on August 14, 2017, comprehensively disposed of them. Accordingly, we would affirm the judgment of sentence based upon the opinion of the Honorable Garrett D. Page.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/18